UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID ROLLE,

                Plaintiff,

v.

MATT COLE and TRACY YAGER,

                Defendants.

Case # 16-CV-6566-FPG

DECISION AND ORDER

## INTRODUCTION

On August 11, 2016, *pro se* Plaintiff David Rolle filed a Complaint against Defendants Matt Cole and Tracy Yager alleging race and gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL"). ECF No. 1. On May 21, 2018, Cole moved to dismiss Rolle's complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. ECF No. 10. Rolle responded in opposition on July 20, 2018. ECF No. 13. Cole replied on August 6, 2018. ECF. No. 14. Because Cole is an individual who is not subject to liability under Title VII, Cole's Motion to Dismiss is GRANTED and Rolle's Complaint is DISMISSED as to Cole.

## BACKGROUND[1]

Rolle, a black male, was a waiter at Havana Cabana, a Caribbean themed restaurant owned by Cole and Yager (the "Restaurant"). During Rolle's employment, Yager and other white employees used racial slurs against and in front of Rolle, subjected him to sexually derogatory

---

[1] The following allegations are taken from Plaintiff's Complaint (ECF No. 1) and are accepted as true for the purpose of evaluating Cole's Motion to Dismiss.

1

comments, and generally treated him worse than other white employees. Cole did not address the situation with Yager or the other employees and permitted the disparate treatment to persist. After nearly two years at the Restaurant, Rolle both quit and was fired during an encounter in which Yager yelled obscenities at Rolle in front of customers and physically assaulted him.

Rolle filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Rolle a Right to Sue Notice, and Rolle filed his discrimination Complaint in this Court. Cole now moves to dismiss.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is decided under the same standards as a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Reeve v.*

*SEI/Aaron's, Inc.*, No. 06-CV-0642C, 2008 WL 905908, at *1 (W.D.N.Y. Mar. 31, 2008) (quoting *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir.), *cert. denied*, 540 U.S. 1012 (2003)).

It is well established that the submissions of a pro se litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 478 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). "[D]ismissal of a pro se complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Rahman v. Schriro*, 22 F. Supp. 3d 305, 310 (S.D.N.Y. 2014) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)).

**DISCUSSION**

**I.  No Individual Liability Under Title VII**

As Cole correctly argues, Title VII imposes liability for discrimination only against "employers." ECF No. 10-4 at 3-5; ECF No. 14 at 3-6. *See* 42 U.S.C. §§ 2000e(2)(a), (3)(a). Individuals are not "employers" under Title VII. *See Wynder v. McMahon*, 565 F. App'x 11, 12 (2d Cir. 2014) (summary order) ("This Court has recognized on several occasions . . . that individuals are not liable in Title VII cases."). Neither are business owners. *See Harrison v. Lesort*, No. 09 CIV. 10188 SHS, 2011 WL 744670, at *2 (S.D.N.Y. Mar. 1, 2011) ("Defendant's alleged ownership interest in the restaurants that employed plaintiff . . . does not change the fact that because defendant is an individual he cannot be held liable under either statute."); *Joseph v. HDMJ Restaurant, Inc.*, 685 F. Supp. 2d 312, 318 (E.D.N.Y.2009) ("[T]he case law recognizes no [owner] exception to the individual liability doctrine."). Thus, here, Cole's interest in the Restaurant that employed Rolle does not make him liable under Title VII. *Harrison*, 2011 WL 744670, at *2.

Rolle asks this Court to pierce the corporate veil and impose liability upon Cole as the "alter ego" of the Restaurant-employer. ECF No. 13 at 4.

> To state a claim for individual liability under the alter ego doctrine, a plaintiff must plead "(1) that the person exercises such dominion and control with respect to the transaction attacked that the corporation had no separate will of its own; and (2) that the domination and control was used to commit a fraud or wrong against the plaintiff which proximately caused [his] injuries."

*Magnotti v. Crossroads Healthcare Mgmt., LLC*, 126 F. Supp. 3d 301, 311-12 (E.D.N.Y. 2015) (quoting *Lane v. Maryhaven Ctr. Of Hope*, 944 F. Supp. 158, 163 (E.D.N.Y. 1996)).

Rolle does not state a claim for alter ego liability against Cole. His Complaint admits that Cole was only "involved because as lead co-owner he allowed or permitted Tracy Yager to illegally violate" Rolle's rights and "failed to do anything about it" when warned. ECF No. 1 at ¶ 19. His EEOC Charge does not mention Cole at all. He falls far short of alleging that Cole exercised such dominion and control that the Restaurant-employer had no separate will of its own, or that Cole committed any wrongful or fraudulent act against Rolle.

Accordingly, Cole's Motion to Dismiss is GRANTED.

## II. Failure to Exhaust Administrative Remedies

Cole also argues that Rolle failed to exhaust his administrative remedies by neglecting to verify his EEOC Charge and by failing to name Cole as a respondent in the EEOC charge. ECF No. 10-4 at 4-5; ECF No. 14 at 6-12. Rolle responds that he should be permitted to amend his EEOC Charge to cure these defects. But amendment would be futile, because even if Rolle had properly verified his EEOC Charge and named Cole in it, Cole still would not be liable under Title VII because he is not an employer.

## III. Rolle's Claims Under the NYSHRL

4

Having dismissed Rolle's federal claims against Cole, this Court declines to exercise supplemental jurisdiction over his remaining NYSHRL claims. *See* 28 U.S.C. § 1367(c)(3); *Lorenz v. Erie Cmty. Coll.*, No. 14-CV-210S, 2018 WL 2939492, at *5 (W.D.N.Y. June 12, 2018) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *Borden v. Blue Cross & Blue Shield of W.N.Y.*, 418 F. Supp. 2d 266, 274 (W.D.N.Y. 2006) ("The Second Circuit has advised that district courts should typically decline to exercise jurisdiction over state law claims where all federal claims have been eliminated before trial.").

### IV.     Rolle's Title VII and NYSHRL Claims Against Yager

Rolle's allegations against Yager also fail to state a claim because like Cole, Yager is an individual and not an "employer" under Title VII. Rolle has not served Yager, and consequently Yager has not responded to the Complaint, but "a defendant need not move under 12(b)(6) for a claim to be dismissed under that provision; this Court possesses the authority to dismiss an action *sua sponte* for failure to state a claim 'so long as the plaintiff is given notice and an opportunity to be heard.' " *Shang Zhong Chen v. Kyoto Sushi, Inc.*, No. 15CV7398DLIJO, 2017 WL 4236556, at *6 (E.D.N.Y. Sept. 22, 2017) (quoting *Wachtler v. Cnty. of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994)).

Accordingly, Rolle is ORDERED to show cause, within thirty days of the date of this order, why his claims against Yager should not be dismissed.

## CONCLUSION

For the reasons stated, Cole's Motion to Dismiss (ECF No. 10) is GRANTED, and this case is as to Defendant Cole. Further, Rolle is ORDERED to show cause, within thirty days of the date of this order, why his claims against Yager should not be dismissed.

IT IS SO ORDERED.

Dated: November 9, 2018
       Rochester, New York

                                                      HON. FRANK P. GERACI, JR.
                                                      Chief Judge
                                                      United States District Court